# UNITED STATES DISTRICT COURT
### For The
### DISTRICT OF MASSACHUSETTS

Boston,                                                                 Docket No:

---

HELLENIC AMERICAN NATIONAL COUNCIL INC., (non profit)

PLAINTIFF

V.

IOANNIS REMEDIAKIS, a/k/a YIANNIS REMEDIAKIS, individually and as representative of THE HELLENIC CULTURAL CENTER OF THE SOUTHWEST

AND

"JOHN DOE(S)" [prospective-referenced within Complaint]
DEFENDANTS

---

## VERIFIED COMPLAINT

### PARTIES and INTRODUCTION

1. Plaintiff, Hellenic American National Council, Inc. (hereafter referred to as "**HANC**") is a non-profit corporation incorporated in the Commonwealth of Massachusetts with an office in Washington, DC and as legal resident agent for service, Demetrios Kafkas Esq., C1 Shipway Place, Charlestown, MA 02129. **A True and Correct copy of the said Certificate of Appointment of Resident Agent (General Laws Chapter 180, Section 10C), as filed with the Secretary of State of the Commonwealth of Massachusetts, is attached hereto as Exhibit A.**

2. Defendant, Ioannis Remediakis is an individual and representative of The Hellenic Cultural Center of the Southwest, domiciled in Houston, Texas with address of 4434 Lula Street, Bellaire, Texas, 77401-5224., and the creator/controller of a email account: hanc-presidents-

1

forum@outlook.com. The Hellenic Cultural Center of the Southwest upon information and belief is domiciled in the State of Texas.

3. Defendant(s), Ioannis Remediakis and or "John Doe(s)" are the users and transmitters of false information under pretext of title from the following email account which is a fake account and has no connection to HANC, see email address: hanc-presidents-forum@outlook.com.

## JURISDICTION

4. This Court has jurisdiction over this case based on diversity of Citizenship of the Parties.

5. Venue is proper in that Plaintiff is a Nonprofit corporation incorporated, registered in the Commonwealth of Massachusetts with a resident agent in Boston.

## THE "JOHN DOE" PROSPECTIVE DEFENDANTS

6. Plaintiff, Hellenic American National Council is hereby giving notice of potential additional Defendants and references them as "John Does'" and provides the relevant information on them. The reason HANC is taking this approach is that to date, none of these organizations under their own letterhead or by actual signings of documents have come forward and it is HANC's belief any acts are not sanctioned by the members or Board of Directors of said organizations. All acts that HANC claims are against it are done primarily through a fake email account which has been attributed to the Defendant Ioannis Remediakis.

7. Federation of Hellenic American Societies of New England, ("New England Federation") is a Massachusetts nonprofit corporation having entity identification number 311651700 assigned by the Secretary of State of the Commonwealth of Massachusetts.

8. The New England Federation was a Member of HANC until July of 2010.

9. Mr. Vasilios Kafkas was, until 2019, the President of the New England Federation according to the annual reports filed with the Commonwealth of Massachusetts, corporation division of the Secretary of State.

10. Upon information and belief, notwithstanding the expiration of his term of office, Vasilios Kafkas still exercises direct or indirect control over the New England Federation.

11. The Pan-Arcadian Federation of America ("Pan-Arcadian Federation") holds itself out as a non-profit organization organized in the State of New York via its website at www.panarcadian.us.

12. Pan-Arcadian Federation identifies and holds out Mr. Andre Papantoniou, of Illinois as its President.

13. After reasonable inquiry, Plaintiff is unable to verify if, or where, the said Pan-Arcadian Federation has organized or incorporated as a lawful legal entity.

14. Pan-Arcadian Federation was a Member of HANC until July of 2017.

15. Federation of Medical Societies of North America has never been a Member of HANC.

16. Pan-Messinian Federation of USA and Canada ("Pan-Messinian Federation") is an Illinois nonprofit corporation having file number 28437463, and a registered agent address of 1924 Stratford, Westchester, IL 60154.

17. Mr. Tassos Dimopoulos of Toronto, Ontario, Canada, is the President of Pan-Messinian Federation.

18. Pan-Messenian Federation was a Member of HANC until July 2017.

19. Pan Pontian Federation of America & Canada ("Pan-Pontian Federation") is a New York non-profit corporation having Department of State ID 1456223, and a mailing address for the service of process at Razis & Ross, P.C., 30-97 Steinway Street, Long Island City, NY, 11103.

20. Pan-Pontian Federation was a Member of HANC until July 2017.

21. Upon information and belief, Mr. Kostas Tsilfides (a/k/a "Gus" Tsilfides), of Norwalk, Connecticut, is the President, owner, or individual exercising executive control over, Pan-Pontian Federation.

22. Federation of Sterea Hellas, Inc. ("Sterea Hellas Federation") is a New York nonprofit corporation having Department of State ID 47154, and a mailing address for the service of process at Ginsberg & Katsorhis, P.C., 77-53 Main Street, Flushing, New York, 11367.

23. Upon information and belief, Mr. Vasilios Kotsallos is the President of Sterea Hellas Federation.

24. Sterea Hellas Federation was a Member of HANC until July 2017.

25. Federation of Hellenic-American Societies of Philadelphia and Greater Delaware Valley, Inc. ("Philadelphia Federation") is a Pennsylvania non-profit Corporation having a mailing address of P.O. Box 34656, Philadelphia, PA 19101, and a registered agent for the service of process with M. Burr Keim Company of Philadelphia.

26. Upon information and belief, Mr. Dimitris Rozanitis of New Jersey is the President of the Philadelphia Federation.

27. Philadelphia Federation was a Member of HANC until July 2017.

28. Upon information and belief, Federation of Hellenic Medical Societies of North America ("Medical Societies Federation") is an entity domiciled in Canada.

29. Upon information and belief, Medical Societies Federation has, or had, chapters in New York City, New York, Boston, Massachusetts, Chicago, Illinois, the State of California, Toronto, Canada, and Montreal, Canada.

30. Upon information and belief, Dr. Spyros Mezitis, of New York City, New York, is the President of Medical Societies Federation.

31. Federation of Medical Societies of North America has never been a Member of HANC.

F

ACTS

32. The Hellenic American National Council is A nonprofit corporation incorporated and registered with the Commonwealth of Massachusetts and the Attorney General's Non-profit division. Said **Articles of Organization** having been filed with the Secretary of State of Massachusetts on February 22, 1993. **A True and Correct copy of the said Articles of Organization, as filed with the Secretary of State of the Commonwealth of Massachusetts, are attached hereto as Exhibit B.**

33. Shortly after the formation of HANC, on March 11, 1993, HANC's President and Clerk caused to be filed certain **Articles of Amendment** which sought to memorialize certain amendments to the said Articles of Organization, putatively pursuant to a meeting of the Members which occurred on February 28, 1993. **A true and correct copy of the said Articles of Amendment, as filed with the Secretary of State of the Commonwealth of Massachusetts, are attached hereto as Exhibit C.**

34. The Members of HANC have adopted an organic document entitled "The Constitution of the Hellenic American National Council, Inc. (By-Laws)" ("**Bylaws**") which

describes the practicalities of membership, establishes various corporate officers and their duties, and similar matters. **A true and correct copy of said Bylaws, most-recently amended in 2017, is attached hereto as Exhibit D as well as the initial Bylaws. The only real distinction of the two are the term of the officers extended from two years to four.**

35. Under the Bylaws, the body holding plenary deliberative authority over the business of HANC (analogous to a "general assembly") is comprised of the Presidents of the various organizations which are HANC's Members and is called the "Presidents' Forum." **See Exhibit C, Article V.**

36. Pursuant to the most recent annual report of HANC the names, addresses and term expirations are stated. **A True and Correct copy of the said Annual Report, as filed with the Secretary of State of the Commonwealth of Massachusetts, are attached hereto as Exhibit E.**

37. **At a duly organized meeting of the Members of HANC on July 22, 2017**, Defendants Pan-Arcadian Federation, Pan-Messenian Federation, Pan-Pontian Federation, Sterea Hellas Federation, Philadelphia Federation, and New England Federation were removed as Members of HANC pursuant to Article III, Section 4 of the Bylaws, after the unanimous vote of HANC's other Members, because the removed Members had failed to attend three (3) (or more) consecutive regular or special meetings of HANC's Presidents' Forum, or pay the requisite Membership dues. **A true and correct copy of the approved minutes of HANC's meeting of July 22, 2017 is attached hereto as Exhibit F.**

38. The Members of good standing of HANC per the Bylaws are attested to by the General Secretary. **A true and accurate copy of said attestation is hereby attached and incorporated herein as Exhibit G.**

39. On April 5, 2021, the current members of HANC with its Executive, convened via Zoom and passed Resolution 2021-01, which decided on Election date of HANC, Election Committee members, Membership Committee members, conditions for participation in Annual Meeting, which included but was not limited to, payment of membership dues, up to date certificates of good standing, and certificates of identification for representatives for the Secretaries of each member organization and not limited too. **A true and accurate copy of said Resolution is hereby attached and incorporated as Exhibit H** and attested by the General Secretary of HANC below.

**Defendants**

**Deceptive Communications**

40. HANC communicates officially with its Members and the public via its website at http://hanc.us, and via emails from the email domain "@hanc.us."

41. HANC's Executive Committee and Members also use their personal email addresses to communicate regarding the business of HANC.

42. Upon information and belief, on or before January 23, 2021, Defendants jointly and severally created the email address "HANC-Presidents-Forum@Outlook.com" (the "**Deceptive Email Address**") and that said creator and owner of this email is Ioannis Remediakis.

43. Upon information and belief, Defendants jointly and severally control the Deceptive Email Address.

44. HANC did not authorize or direct the creation of the Deceptive Email Address.

45. HANC does not use or control the Deceptive Email Address.

46. On January 23, 2021, Defendants sent a letter to HANC's President from the Deceptive Email Address (the "**Initial Demand Letter**").

47. That same day, the Initial Demand Letter was also sent to HANC's President and General Secretary by Counsel to the authors of the Initial Demand Letter. **A true and correct copy of the email from Attorney Katrina Barraza of Clearwater Florida is attached hereto as Exhibit I.**

48. The Initial Demand Letter made several bizarre, false, misleading, and unlawful claims.

49. The Initial Demand Letter falsely stated that it had been subscribed to by seventeen (17) organization which the authors claimed comprised HANC's Presidents' Forum.

50. In fact, of the signatories listed in the Initial Demand Letter, six of the supposed "Members" were among the Members removed in 2017, two of the signatories have never been Members of HANC.

51. Even more outrageously, when contacted directly by HANC's leadership, four of the supposed signatories of the Initial Demand Letter said that the Initial Demand Letter falsely represented their consent and support.

52. The Initial Demand Letter falsely alleged that the terms of office for all of HANC's officers had expired and demanded that each officer abandon his fiduciary obligations to the organization immediately.

53. In fact, the Officers of HANC comprising its Executive Committee were duly incumbent at the time of the Initial Demand Letter and remain so today.

54. The Initial Demand Letter falsely alleged the term of office for each Officer is two (2) years.

55. In fact, the term of office for each of HANC's Officers is four (4) years. **See** Bylaws, Article VI, Sections 3(d) (as to the President), 4(a) (as to the Vice Presidents), 5(a) (as to the General Secretary and Assistant Secretary), 6(a) (as to the Treasurer and Assistant Treasurer).

56. The Initial Demand Letter falsely stated that a Special Meeting of the Members of HANC would be held on February 6, 2021.

57. In fact, no meeting of the members of HANC was scheduled for, or took place on, February 6, 2021.

58. Plaintiff contends that Defendants intended these falsehoods to unlawfully scare, coerce and intimidate HANC's members into relinquishing and granting effective control of HANC to the Defendants who have no claim or right of membership currently.

59. **For on its face, no discernable, legitimate purpose, and despite the several falsehoods above, the Defendants also sent a copy of the Initial Demand Letter to "The Prime Minister of Greece, the Minister of External Affairs of Greece, the Minister of Greeks abroad, the General Secretary of Public Diplomacy & Greeks abroad, the Greek Embassy in Washington, as well as to the Archdiocese of America."**

60. **No copy of said "Demand Letter" was sent to any administrative or legal supervisory body in Massachusetts, nor the U.S.A., which is indicative that the perpetrators are outside the scope of HANC's tax-exempt status and are, in reality, politically motivated with primary focus on foreign governmental persons and entities.**

61. HANC's Members have not authorized the Defendant's to lobby, or engage with, on behalf of HANC, any of the elected or appointed officials to whom the Defendants sent the initial Demand Letter.

62. The transmission of the Initial Demand Letter to various foreign elected and appointed officials suggests that the Defendants seek to achieve an unlawful political purpose and funding that is incompatible with HANC's existing status as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code.

63. On February 2, 2021, President Matarangas published an open letter (HANC's "February 2 Letter") to HANC's Members regarding the Initial Demand Letter. **A true and correct copy of President Matarangas's February 2, 2021 Open Letter is attached hereto as Exhibit J.**

64. HANC's February 2, 2021 Letter sought to clarify the status of each of the supposed signatories to the Initial Demand Letter, advised the reader of the correct provisions of HANC's Bylaws, and advised HANC's Members to be aware of the deceptive and confusing invitation by the Defendants to a future meeting.

65. Upon information and belief, despite HANC's warning in the February 2, 2021 letter and despite HANC's instruction not to do so, the Defendants deceptively invited HANC's Members to attend the Defendants' February 6, 2021 meeting as though that meeting were an official meeting of HANC.

66. The Defendants' February 6, 2021 meeting was not a duly organized meeting of HANC.

67. Upon information and belief, Defendants' deception confused one or more HANC Members into attending the February 6, 2021 meeting.

68. Upon information and belief, Defendant, Yiannis Remediakis drafted and presented as well as forwarded by the false email, a Microsoft PowerPoint presentation entitled "HANC Discovery & suggestions document" which was highly inflammatory and derogatory (the

"February 6 Presentation"). **A true and correct copy of the said February 6 Presentation is attached hereto as Exhibit K.**

69. Upon information and belief, the Defendants' February 6 Presentation, and the matters described therein, was discussed during the Defendants' meeting on February 6, 2021.

70. Upon information and belief, the Defendants' February 6 Presentation fairly describes the statements of Defendants to the participants of the Defendants' February 6 meeting.

71. The February 6 Presentation contains numerous, intentional falsehoods, inaccuracies, and misleading statements that have no other reasonable justification but the intentional, bad-faith defamation of the Defendants.

72. The Defendants lies regarding the status of HANC's Executive Committee are repeated in the February 6 Presentation.

73. The February 6 Presentation repeats the same defamatory statements relating to HANC's status as a 501(c)(3) tax-exempt organization.

74. The February 6 Presentation also contains various innuendos and false statements which, taken in totality, would tend to dimmish the reputation of HANC in the eyes of any person reading the February 6 Presentation.

75. On February 8, 2021, the Defendants, sent an email, to Secretary Baltatzis under the Subject of "Decision of Extraordinary meeting and meeting *[sic]* of the Presidents – HANC Presidents Forum". **A true and correct copy of the foregoing email dated February 8, 2021 is attached hereto in its original Greek text with a fair and accurate translation of the same, prepared by Plaintiffs, is attached hereto as Exhibit L.**

76. Though the Defendant's February 8 email was sent to HANC's General Secretary, the text of the message itself was addressed to HANC's Treasurer, Kostas Hatzistefanidis, C.P.A.

("Προς τον τ. Ταμία του Εθνικού Συμβουλίου κ. Χατζηστεφανίδη" means "To the former Treasurer of the National Council Mr. Hatzistefanidis").

77. After their initial, conclusory allegation of "blatant violations of the law and moral order" by President Matarangas and by Treasurer Hatzistefanidis himself, the Defendants' February 8, 2021 email demands that Treasurer Hatzistefanidis turn over to the Defendants "financial documents", and "[t]he passwords to the bank accounts where such accounts are located."

78. The Defendants were not, and are not, entitled to the financial information they sought in their February 8, 2021 email to HANC's General Secretary and Treasurer.

79. The Defendants were not, and are not, entitled to control over the financial assets of HANC.

80. Given the tone and serious factual deficiencies of the Defendants' February 8, 2021 email, neither Treasurer Hatzistefanidis, nor General Secretary Baltatzis responded to the February 8, 2021 email after advice of counsel.

81. The President of HANC sent out certified mail to the Members of HANC and other organizations indicating that the Elections of HANC would be conducted in October 2021. **A true and accurate copy is hereby incorporated as Exhibit M.**

82. On February 23, 2021, the Defendants sent an email invitation to a Microsoft Teams meeting, scheduled two days later, on February 25, 2021 with the invitation having the Subject Line "Invitation to the 2nd Emergency meeting of the HANC Presidents Forum". **A true and correct copy of the foregoing email is attached hereto as Exhibit N, together with a true and correct copy of the agenda attached thereto in the file named "HANC Presidents forum 2nd Emergency meeting Agenda.pdf."** Two (2) YouTube.com tutorial videos entitled "How to

**raise your hand in Microsoft Teams!" and "How to join a Microsoft Teams meeting as a guest" were also attached to the foregoing email but have been omitted here as irrelevant.**

83. Upon information and belief, on February 25, 2021, the Defendants held another meeting among themselves and unknown others.

84. On February 25, 2021, the Defendants, published a Greek-language "Press Release" ("ΔΕΛΤΙΟ ΤΥΠΟΥ") with no person or entity signing in any capacity. **A true and correct copy of the said Press Release is attached hereto in its original Greek language as Exhibit N**. A fair and accurate translation of the same into English has been prepared by the Plaintiffs and is attached herewith as part of that Exhibit (collectively, the "February 25 Press Release").

85. Upon information and belief, the Defendants' February 25 Press Release was discussed and formulated during the Defendants' meeting on February 25, 2021.

86. HANC's Executive Committee did not review or approve the February 25 Press Release published by the Defendants.

87. No duly organized meeting of the Members of HANC was ever called to discuss the content of the February 25 Press Release.

88. No vote was taken at any duly organized meeting of the Members of HANC to authorize the publication of the Press Release.

89. Unmoored from legal reality, and despite the express direction of HANC's duly elected officers, the February 25 Press Release by the Defendants was published under letterhead reading "Hellenic American National Council (H.A.N.C.) Presidents Forum."

90. The February 25 Press Release contains numerous inaccurate, libelous, and/or unlawful statements.

91. The Defendants Unauthorized Press Release falsely, and wit clear, fraudulent intention to commandeer HANC's organizational structure, claim to be duly authorized representatives of HANC.

92. The Defendants, with a clear intent to invite HANC's Members and others to communicate with Defendants about HANC's business via the Deceptive Email Address (and not via HANC's existing, authentic channels of communication).

93. The Defendants, Unauthorized Press Releases, falsely and deceptively state that HANC was no longer recognized as a 501(c)(3) organization.

94. In fact, HANC has an active 501(c)(3) designation by the IRS.

95. The Defendants falsely and deceptively state that HANC lost its 501(c)(3) status with the IRS in 2017.

96. In fact, HANC, and the current Executive Committee, <u>restored</u> HANC's 501(c)(3) status in 2017.

97. Each of the foregoing facts is a matter of public record and would have been ascertainable by the Defendants via a cursory search of the Internal Revenue Service's website at IRS.gov. **A true and correct copy of such records from the official Internal Revenue Service website is attached hereto as Exhibit P.**

98. The Defendants libel President Matarangas and Secretary Baltatzis, and, by proxy, HANC, insofar as the Defendants falsely allege that President Matarangas and General Secretary Baltatzis engaged in unlawful activity in their capacities as members of the Executive Committee.

99. The Defendants suborn readers to file false complaints about HANC with the Attorney General of Massachusetts via the Attorney General's online reporting system.

15

100. The Defendants' February 25 Press Release was republished on February 28, 2021 by the news outlet GreekNewsOnline.com. **A true and correct copy of the February 28, 2021 GreekNewsOnline.com article publishing the Defendants' Unauthorized Press Release is attached hereto as Exhibit Q.**

101. The February 25 Press Release damaged HANC by clouding the authority of HANC's duly elected officers.

102. The February 25 Press Release damaged HANC *per se* by clouding the authority of HANC's status as a tax-exempt entity.

103. The February 25, 2021 Press Release damaged HANC by requiring HANC to engage in a time-consuming and unnecessary public relations campaign to clarify the falsehoods intentionally published by the Defendants.

104. The foregoing statements are damaging to HANC *per se* in a commercial sense insofar as they suggest to potential donors to HANC that such donations would not be tax deductible.

105. The February 25 Press Release falsely claimed/listed an attorney that represented them as to their activity. Upon inquiry from proper HANC, this attorney via email attested that this was inaccurate and false. **A true and correct copy of the foregoing email is attached hereto as Exhibit R.**

106. Upon information and belief and from multiple sources it has been confirmed that this Defendants have used the same email and other means of communication to call an ad hoc elections of HANC for this coming weekend of April 24-25, 2021.

107. In no way has this been sanctioned and endorsed by HANC which, on April 5, 2021, after a properly held meeting of its Members in good standing, decided to hold election on

October 9-10, 2021, and to have all members and prospective members including prior members to have the opportunity to properly get their documents of good standing in order, elect their delegates and have all compliance by July 31, 2021 prior to the Election. **See Exhibit H .**

## COUNT I- FRAUD

108.    Now come Plaintiff and incorporates paragraph 1-101 herein as part of this Count.

109.    Defendants created a false email and used it to make false representations of material facts with full knowledge of the falsities for the purpose of inducing plaintiff and third parties to rely on and act thereon.

110.    Third parties, including HANC's Members and the general public, relied upon the Defendant's falsehoods in them.

111.    Plaintiff has been injured because of Defendants acts and said injuries are proximately related to said Defendants acts.

112.    Plaintiff as a result of irreparable harm suffered as a direct and proximate cause of Defendants actions hereby requests for injunctive relief as well as monetary damages, costs and attorney's fees.

## COUNT II – TORTIOUS INTERFERENCE IN CONTRACTUAL RELATIONSHIP

113.    Now Comes Plaintiff and incorporates paragraph 1 – 106 herein as part of this Count.

114.    HANC has a contractual relationship with its Members. **See Bylaws (Exhibit C), Article III, Section 1 ("All Members of the Hellenic American National Council stand in contractual relationship with each other as well as with the Hellenic American National Council").**

115.    Defendants knowingly and improperly interfered with the contractual relationship between HANC and its Members by falsely holding themselves out as representatives of Members of HANC.

116. Defendants knowingly and improperly interfered with the contractual relationship between HANC and its Members by defaming HANC's 501(c)(3) status.

117. Defendants knowingly and improperly interfered with the contractual relationship between HANC and its Members by publishing unauthorized, incendiary, defamatory, false, and misleading press releases specifically intended to misrepresent the Defendants' status and authority on behalf of HANC.

118. Defendants knowingly and improperly interfered with the contractual relationship between HANC and its Members by inviting those Members to the Defendants' own false meeting which Defendants falsely palmed off as an official meeting of HANC's Presidents' Forum.

119. Plaintiff was damaged by the Defendants' persistent, intentional, and improper interference insofar as the same has required the Plaintiff to expend valuable time, resources, and energy to counteract the Defendant's scurrilous lies – both legally and in terms of clarifying communications with its Members.

120. Plaintiff was damaged by the Defendant's intentional and improper acts because Plaintiff's channels of communication with its Members have been impaired and rendered suspicious in the minds of the Members.

### COUNT III- DEFAMATION

121. Now Comes Plaintiff and incorporates paragraph 1-106 herein as part of this Count.

122. Defendants have published repeatedly written statements concerning the Plaintiff.

123. Said publications are false and misrepresentative, highly defamatory and hereby actionable.

124. Said publications have harmed Plaintiff at numerous levels and caused Plaintiff to expend extensive resources to try to minimize the harm and damages caused.

125. Plaintiff hereby requests for injunctive relief as well as monetary damages, costs and attorney's fees.

## PRAYERS FOR RELIEF

WHEREFORE THE PLAINTIFF REQUESTS A TRIAL BY JURY AND THAT IT BE AWARDED DAMAGES AS AGAINST ALL DEFENDANTS JOINTLY WITH COSTS AND ATTORNEYS FEES. FOR ALL OTHER ORDERS, IN PARTICULAR PRELIMINARY INJUNCTIONS. ANY OTHE RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

April 21, 2021                                    Hellenic American National Council, Inc.

By its Attorney,

_____        _____
Hellenic American National Council Inc.      Demetrios G. Kafkas (BBO#565566)
By its Officers,                             Kafkas Law Offices
Vasillios Matarangas, President              The Charlestown Navy Yard
                                             C1 Shipway Place
_____        Charlestown, MA  02129
Dr. Panayiotis Baltatzis, Secretary          Tel: (617)800-6932
                                             Email: Kafkaslink@yahoo.com

19



Cont'-
Signatures

## PRAYERS FOR RELIEF

WHEREFORE THE PLAINTIFF REQUESTS A TRIAL BY JURY AND THAT IT BE AWARDED DAMAGES AS AGAINST ALL DEFENDANTS JOINTLY WITH COSTS AND ATTORNEYS FEES. FOR ALL OTHER ORDERS, IN PARTICULAR PRELIMINARY INJUNCTIONS. ANY OTHE RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

April 23, 2021                                Hellenic American National Council, Inc.

                                              By its Attorney,

DocuSigned by:
*Bassilios Matarangas*
1C1C99C0F3DD40D...
Hellenic American National Council Inc.         Demetrios G. Kafkas (BBO#565566)
By its Officers,                                Kafkas Law Offices
Vasillios Matarangas, President                 The Charlestown Navy Yard
                                                C1 Shipway Place
                                                Charlestown, MA  02129
DocuSigned by:                                  Tel: (617)800-6932
*Panayiotis Baltatzis*                          Email: Kafkaslink@yahoo.com
2045E06D700E4C2...
Dr. Panayiotis Baltatzis, Secretary

20-