# UNITED STATES DISTRICT COURT
## For The
## DISTRICT OF MASSACHUSETTS

Boston,

| | |
|---|---|
| HELLENIC AMERICAN NATIONAL COUNCIL INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No.  -CV- ) |
| IOANNIS REMEDIAKIS, et. al, | ) ) ) |
| Defendants | ) |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION AND WAIVER OF BOND

Plaintiff Hellenic American Council hereby move for an emergency temporary restraining order: and subsequent preliminary injunction against the Defendant(s) upon a full hearing, in that the facts as presented in the verified complaint indicate an immediate and irreparable injury, loss or damage will result to the Plaintiff before the adverse party or their attorney can be heard in opposition.

Plaintiff is a Massachusetts corporation, with nonprofit status. The continuous use by the Defendants of an email account which is deceptive and the constant dissemination from that account of false and inaccurate communications under

the iconic guise of authority causes significant confusion and defamation of HANC necessitating the issuance of an immediate injunction to inhibit the irreparable harm that is imminent.

The creation of false email mode of communication that infringes on HANC and purports to be from HANC falsely and the cc., of communications to foreign prime ministers, ministers, embassies and other non-administrative or legal entities that this 501(c) (3) entity does not account to is politically motivated and calls into question the motives of the perpetrators.   Upon information and belief, the acts of said Defendant or Defendants violates numerous state and federal criminal statues pertaining to computer/internet use.

Furthermore, Defendant has caused to have called an Election of HANC for April 24, 2021 upon information and belief in Astoria, NY and has proceeded to contact proper members in god standing and former members of HANC under the guise of HANC in order to create a change of the Executive of the company without further compliance of Bylaws, laws and Robert's Rules of Administration of an entity.

Whereas Plaintiff requests the issuance of issue an emergency injunction ordering the Defendants the following:

1. To stop Using email:  hanc-presidents-forum@outlook.com  as it is confusing, deceptive and otherwise infringes upon the Hellenic American National Council, its executive and its members in good standing;
2. That the server of this email, Outlook suspends its use until further Court order.
3. Enjoining any purported elections of HANC until this Court determines

who is eligible to vote and in good standing and any said purported elections prior to a full hearing is considered null and void.

4. That this Court further orders that Annual Meeting and Elections of HANC be scheduled for October 9-10, 2021 per the decision of the members in good standing, until further hearing by this Court for an alternate date.

In support thereof, Plaintiff states it has have made a good faith effort to contact and confer with the defendants regarding the subject of this motion, including by holding repeated telephonic calls between Plaintiff's attorneys and an attorney that claims he represents the Defendants and who refused to accept service. That said Defendants refuse to postpone purported further action till a Court makes a ruling and they do not leave room for discussion in the interim and are adamant that they will continue to cause irreparable harm by announcing a new Executive on April 24, 2021 that will purportedly be elected. The constant press releases and cc to foreign government entities with ties to certain individuals is very troubling and causes significant harm not only to reputation but to the potential of destroying the delicate value of the nonprofit status considering the agenda upon information and belief and from piecing information together is to use foreign money to lobby in the USA, that will be received under the guise of charitable contributions from overseas. Since this is a public interest issue as well, and considering the status of the Plaintiff as a nonprofit, the Plaintiff asks this Court to waive the necessity of Bond.

The Plaintiff hereby incorporates the Verified Complaint as well as other affidavits and exhibits in support of this Emergency Motion. Plaintiff requests any

3

other order this Court can place until a ruling on the merits of this case.

**In support of the Motion, Plaintiffs rely on their Verified Complaint, the Memorandum submitted herewith, the Affidavit of the President of HANC, and the Affidavit of the Secretary of HANC and the Exhibits attached thereto.**

Respectfully Submitted,

Hellenic American National Council Inc. Plaintiff,

By Its Attorney,

April 23, 2021       _Demetrios Kafkas_ Demetrios G. Kafkas (BBO#565566)

Kafkas Law Offices

The Charlestown Navy Yard

C1 Shipway Place

Charlestown, MA 02129

Tel: (617)800-6932

Email: Kafkaslink@yahoo.com

### GENERAL AFFIDAVIT OF BASSILIOS MATARANGAS
President of Hellenic American National Council, Inc.

April 22, 2021

I, Basilios Matarangas, swear that the following statements are true:

1. Hellenic American National Council, Inc. ("**HANC**") is a non-profit corporation domiciled in the Commonwealth of Massachusetts.

2. HANC has three controlling, organic documents as follows: Articles of Organization, Articles of Amendment, and Bylaws, as amended from time to time.

3. I am an incumbent corporate officer of HANC.

    a. I was initially elected as the President of HANC in 2015.

    b. At the time of my initial election, the term of office for all Executive Committee officers of HANC was two (2) years, with my initial term set to expire at the holding of elections at the end of 2017.

    c. On March 11, 2017, HANC's Members amended HANC's Bylaws such that the term of office for every Executive Committee officer, was extended from two (2) to four (4) years, effective immediately, such that my term of office was to expire at the holding of elections at the end of 2019. See Exhibit D to Plaintiff's Complaint, Article VI, Sections 3(d) (as to the President), 4(a) (as to the Vice Presidents), 5(a) (as to the General Secretary and Assistant Secretary), 6(a) (as to the Treasurer and Assistant Treasurer). 

Page 1 of 6

d. HANC's annual meeting of its members and elections was duly noticed to the Members and called to order on November 3, 2019, but a quorum of not less than a majority of the Members was present at that time.

e. Upon adjournment of the November 3, 2019 meeting, HANC's General Secretary scheduled the next meeting date of March 14-15 2020, in Washington, D.C., at which meeting the quorum requirement would be reduced to just six (6) Members pursuant to Article V, Section 6 of the Bylaws, and elections would proceed.

f. The Governor of the Commonwealth of Massachusetts subsequently declared a state of emergency due to the global coronavirus pandemic on March 10, 2020. Due to the global coronavirus pandemic, the March 14-15, 2020 meeting and the elections scheduled to take place during the same, were not held.

g. The terms of office of each of HANC's Executive Committee officers, including my own term as President, have been extended by operation of law pursuant to Section 16 of that certain Chapter 53 of the Acts of 2020 (An Act to Address Challenges Faced by Municipalities and State Authorities Resulting from COVID-19), signed by Governor Baker of the Commonwealth of Massachusetts on April 3, 2020 providing for the extension of such terms until replacements are elected.

4.  As of April 22, 2021, HANC has seventeen (17) Members in good standing and no Members who are not in good standing.

5.  Upon information and belief, the name of the email address "HANC-Presidents-Forum@Outlook.com" was intended by its creator to falsely suggest that the email address is used for official organizational business of HANC and its Members.

a. HANC communicates officially with its Members and the general public via its website at http://hanc.us , and via emails from the email domain "@hanc.us."

b. Under the Bylaws, the body holding plenary deliberative authority over the business of HANC is comprised of the Presidents or delegates of the various



organizations which are HANC's Members. This body is called the "**Presidents' Forum**." See Exhibit C to Plaintiff's Complaint, Article V.

c. I do not directly or indirectly control the email address "HANC-Presidents-Forum@Outlook.com."

d. HANC's Presidents' Forum has never authorized any person or entity to create, use, or control the email address "HANC-Presidents-Forum@Outlook.com."

e. HANC's Executive Committee has never authorized any person or entity to create, use, or control the email address "HANC-Presidents-Forum@Outlook.com."

6. On January 23, 2021, I received an email from "HANC-Presidents-Forum@Outlook.com" which contained an attached letter dated January 20, 2021 (the "Initial Demand Letter"). **A true and correct copy of the Initial Demand Letter is attached to the Plaintiff's Complaint as Exhibit I.**

a. No person or entity was every authorized by HANC's Presidents' Forum to send the Initial Demand Letter.

b. No person or entity was ever authorized by HANC's Executive Committee to send the Initial Demand Letter.

c. Upon information and belief, Ioannis Remediakis (a/k/a Yiannis Remediakis), of Texas, ("**REMEDIAKIS**") is an author of the Initial Demand Letter.

d. The Initial Demand Letter contains numerous falsehoods and misleading statements, including:

i. The Initial Demand Letter falsely and deceptively stated that my term of office as HANC's President has expired.

ii. The Initial Demand Letter falsely and deceptively stated that the term of office for HANC's officers is two (2) years when it is, in fact, four (4) years.



      iii. The Initial Demand Letter falsely and deceptively stated that a meeting of HANC's Presidents' Forum would be held on February 6, 2021.

      iv. The Initial Demand Letter falsely and deceptively states that the content of the document itself were supported and approved by each of the organizations listed as signatories.

e. I am not aware of any discernable legitimate purpose for REMEDIAKIS or the other sender(s) of the Initial Demand Letter to also send the letter to "The Prime Minister of Greece, the Minister of External Affairs of Greece, the Minister of Greeks abroad, the General Secretary of Public Diplomacy & Greeks abroad, the Greek Embassy in Washington, as well as to the Archdiocese of America."

f. HANC did not authorize REMEDIAKIS or any other person to contact the Prime Minister of Greece, the Minister of External Affairs of Greece, the Minister of Greeks Abroad, the General Secretary of Public Diplomacy & Greeks Abroad, the Greek Embassy in Washington, D.C., the Greek Orthodox Archdiocese of America, or any other body in relation to the matters described in the Initial Demand Letter.

7. No meeting of any body of HANC was scheduled, properly noticed to Members, or held in accordance with HANC's Bylaws on February 6, 2021.

8. On February 8, 2021, I was advised by HANC's General Secretary of email from HANC-Presidents-Forum@Outlook.com, under the Subject of *"Decision of Extraordinary meeting and meeting* [sic] *of the Presidents – HANC Presidents Forum"*, with a messaged written in Greek and addressed to HANC's Treasurer, Kostas Hatzistefanidis, C.P.A.

a. It is my determination as President of HANC that the senders of the February 8, 2021 email are not entitled to the items listed in that email, or to control over HANC's financial assets.

9. Upon information and belief, the document entitled "HANC Discovery & Suggestions Document" (the "February 6 Presentation") purports to be a summary of the matters



discussed among unknown parties at the rogue "meeting" February 6, 2021. **A true and correct copy of the said February 6 Presentation is attached to Plaintiff's Complaint as Exhibit K.** 

    a. Upon information and belief, REMEDIAKIS is an author of the HANC Discovery & Suggestions Document.

    b. Upon information and belief, REMEDIAKIS collaborated with unknown others in drafting and revising the February 6 Presentation.

    c. Upon information and belief, REMEDIAKIS shared and presented the February 6 Presentation with and to unknown others on or about February 6, 2021.

10. No meeting of any body of HANC was scheduled, properly noticed to the Members, or held in accordance with HANC's Bylaws on February 25, 2021.

11. On February 25, 2021, a Greek-language "Press Release" ("ΔΕΛΤΙΟ ΤΥΠΟΥ") was published from HANC-Presidents-Forum@Outlook.com under a stationery masthead that identified the author as "Hellenic American National Council (H.A.N.C.) Presidents Forum". **A true and correct copy of the said Press Release is attached to the Plaintiff's Complaint in its original Greek language, and in a fair and reasonably accurate English translation prepared by Plaintiffs as Exhibit P and Exhibit Q, respectively (collectively, these documents are referred to as the "Unauthorized Press Release").**

12. The Unauthorized Press Release was not drafted, considered, reviewed, or authorized for publication by HANC's Presidents Forum.

13. The Unauthorized Press Release was not drafted, considered, reviewed, or authorized for publication by HANC's Executive Committee.

14. In fact, the Unauthorized Press Release was not authorized by HANC in any way.

15. The Unauthorized Press Release contains numerous falsehoods and misleading statements, including:



    a. The Unauthorized Press Release falsely states that HANC is not a tax-exempt organization, when HANC Is, in fact, a tax-exempt, 501(c)(3) organization.

    b. The individuals referenced in the Unauthorized Press Release have not been appointed to various committees and are not duly-authorized representatives, officers, or committeepersons of HANC.

    c. Any person who sends an email to HANC-Presidents-Forum@Outlook.com, as directed by the Unauthorized Press Release, will not be corresponding with an authentic HANC representative, but rather REMEDIAKIS or another, unknown, unauthorized third party.

16. The Unauthorized Press Release, despite being unauthorized by HANC, has been republished by news organizations to an unknown number of readers.

17. On April 5, 2021, at a duly noticed, convened, and held meeting, the Members of HANC adopted Resolution 2021-01 which establishes a date of October 9-10, 2021 for elections, and which establishes a deadline of July 31, 2021 for each Member to bring itself into administrative compliance in order to participate in the scheduled elections. **A true and correct copy of Resolution 2021-01 as adopted by HANC's Members on April 5, 2021, is attached to the Plaintiff's Complaint as Exhibit H.** 

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed under the pains and penalties of perjury,

4/23/2021                   DocuSigned by: *Bassilios Matarangas*
Date                                    Bassilios Matarangas

## GENERAL AFFIDAVIT OF PANAYIOTIS BALTATZIS
General Secretary of Hellenic American National Council, Inc.

April 22, 2021

I, Panayiotis Baltatzis, swear that the following statements are true:

1. Hellenic American National Council, Inc. ("**HANC**") is a non-profit corporation domiciled in the Commonwealth of Massachusetts pursuant to those Articles of Organization filed with the Secretary of State of Massachusetts on February 22, 1993. **A True and Correct copy of the said Articles of Organization, as filed with the Secretary of State of the Commonwealth of Massachusetts, are attached to Plaintiff's Complaint as Exhibit B.**

2. Shortly after the formation of HANC, on March 11, 1993, HANC's President and Clerk caused to be filed certain Articles of Amendment which sought to memorialize certain amendments to the said Articles of Organization pursuant to a meeting of the Members which occurred on February 28, 1993. **A true and correct copy of the said Articles of Amendment, as filed with the Secretary of State of the Commonwealth of Massachusetts, are attached to Plaintiff's Complaint as Exhibit C.**

3. The Members of HANC have adopted an organic document entitled "The Constitution of the Hellenic American National Council, Inc. (By-Laws)" ("**Bylaws**") which describes the practicalities of membership, establishes various corporate officers and their duties, and similar matters. **A true and correct copy of said Bylaws, most-recently amended in 2017, is attached to Plaintiff's Complaint as Exhibit D.**



4. Under the Bylaws, the body holding plenary deliberative authority over the business of HANC (analogous to a "general assembly") is comprised of the Presidents or delegates of the various organizations which are HANC's Members, and is called the "**Presidents' Forum**." See Bylaws, Article V.

5. I am an incumbent corporate officer of HANC.

   a. I was initially elected as the General Secretary of HANC in 2015.

   b. At the time of my initial election, the term of office for all Executive Committee officers of HANC was two (2) years, with my initial term set to expire at the holding of elections at the end of 2017.

   c. On March 11, 2017, at a duly noticed to the Members meeting of the Presidents' Forum at which a quorum was present, HANC's Members voted to amend HANC's Bylaws such that the term of office for every Executive Committee officer, was extended to four (4) years, effective immediately, such that my term of office was to expire at the holding of elections at the end of 2019. **A true and correct copy of the Minutes of the meeting of March 11, 2017 is attached hereto as Exhibit BALTATZIS-1.** See Exhibit D ("Bylaws") to Plaintiff's Complaint, Article VI, Sections 3(d) (as to the President), 4(a) (as to the Vice Presidents), 5(a) (as to the General Secretary and Assistant Secretary), 6(a) (as to the Treasurer and Assistant Treasurer).

   d. HANC's annual meeting of its members and elections was duly noticed to the Members and called to order on November 3, 2019, but a quorum of a majority of the Members was not present at that time.

   e. Upon adjournment of the November 3, 2019 meeting, I duly scheduled the next meeting date of March 14-15 2020, at which meeting the quorum requirement would be reduced to just six (6) Members pursuant to Article V, Section 6 of the Bylaws, and elections would proceed. **A true and correct copy of the said notice of the reduced-quorum meeting of March 14-15 2020, as provided to the Members, is attached hereto as BALTATZIS-2.**

  f. Governor of the Commonwealth of Massachusetts declared a state of emergency due to the global coronavirus pandemic on March 10, 2020.

  g. Due to the global coronavirus pandemic, the March 14-15, 2020 meeting and the elections scheduled to take place during the same, were not held.

  h. The terms of office of each of HANC's Executive Committee officers, including my own term as General Secretary, have been extended by operation of law pursuant to Section 16 of that certain Act signed by Governor Baker of the Commonwealth of Massachusetts on April 3, 2020 providing for the extension of such terms until replacements are elected. See Chapter 53 of the Acts of 2020 at Section 16.

6. Pursuant to Article III, Section 7 of HANC's Bylaws (Exhibit C to Plaintiff's Complaint), a Member is not in good standing unless and until the Member has paid annual dues.

7. As of the date hereof, HANC has seventeen (17) Members in Good standing who have paid dues. **A true and correct copy of my certification of the names of HANC's Members in Good Standing is attached hereto as Exhibit BALTATZIS-3.**

8. HANC has no Members who are not in good standing.

9. At a duly noticed and convened meeting of HANC's Presidents' Forum on July 22, 2017, the Members unanimously voted to remove several organizations pursuant to Article III, Section 4 of the Bylaws because the removed Members had failed to attend three (3) (or more) consecutive regular or special meetings of HANC's Presidents' Forum, or pay the requisite Membership dues in many years. **A true and correct copy of the approved minutes of HANC's meeting of July 22, 2017 are attached to the Plaintiff's Complaint as Exhibit P̶.**  d

10. The organizations removed from HANC's Membership at the July 22, 2017 meeting were:

  a. Federation of Hellenic American Societies of New England

  b. Federation of Hellenic American Societies of New York

  c. Federation of Hellenic American Societies of Philadelphia

  d. Pan Arcadian Federation of America

  e. Pan Pontian Federation of America & Canada

  f. Pan-Messinian Federation of the United States of America & Canada

11. The organization known as "Hellenic Cultural Center of the Southwest" is not now, and has never been, a Member of HANC.

12. The organization known as the "Federation of Medical Societies of North America" is not now, and has never been, a Member of HANC.

13. Ioannis Remediakis (a/k/a Yannis Remediakis, "REMEDIAKIS" herein) is not, and has never been, a Member, Officer, or Director of HANC.

14. Upon information and belief, the name of the email address "HANC-Presidents-Forum@Outlook.com" was intended by its creator to falsely suggest that the email address is used for official organizational business of HANC and its Members.

  a. I do not directly or indirectly control the email address "HANC-Presidents-Forum@Outlook.com."

  b. No person or entity has ever been authorized by HANC's Presidents' Forum to create, use, or control the email address known as "HANC-Presidents-Forum@Outlook.com."

  c. No person or entity has ever been authorized by HANC's Executive Committee to create, use, or control the email address known as "HANC-Presidents-Forum@Outlook.com."

15. On January 23, 2021, I received an email from "HANC-Presidents-Forum@Outlook.com" which contained an attached letter dated January 20, 2021 (the "Initial Demand Letter"). **A true and correct copy of the Initial Demand Letter is attached to the Plaintiff's Complaint as Exhibit I.**

a. No person or entity was every authorized by HANC's Presidents' Forum to send the Initial Demand Letter.

b. No person or entity was ever authorized by HANC's Executive Committee to send the Initial Demand Letter.

c. Upon information and belief, REMEDIAKIS was the primary author of the Initial Demand Letter.

d. The Initial Demand Letter contains numerous falsehoods and misleading statements, including:

   i. The Initial Demand Letter falsely stated that my term of office as HANC's General Secretary has expired.

   ii. The Initial Demand Letter falsely stated that the term of office for HANC's officers is two (2) years when it is, in fact, four (4) years.

   iii. The Initial Demand Letter falsely stated that a meeting of HANC's Presidents' Forum would be held on February 6, 2021.

e. I am not aware of any discernable legitimate purpose for REMEDIAKIS or the other sender(s) of the Initial Demand Letter to also send the letter to "The Prime Minister of Greece, the Minister of External Affairs of Greece, the Minister of Greeks abroad, the General Secretary of Public Diplomacy & Greeks abroad, the Greek Embassy in Washington, as well as to the [Orthodox] Archdiocese of America."

f. HANC did not authorize REMEDIAKIS or any other person to contact the Prime Minister of Greece, the Minister of External Affairs of Greece, the Minister of Greeks Abroad, the General Secretary of Public Diplomacy & Greeks Abroad, the Greek Embassy in Washington, D.C., the Greek Orthodox Archdiocese of America, or any other body in relation to the matters described in the Initial Demand Letter.

    g. No meeting of any body of HANC was scheduled, properly noticed to Members, or held in accordance with HANC's Bylaws on February 6, 2021.

16. On February 8, 2021, I received an email from HANC-Presidents-Forum@Outlook.com, under the Subject of "*Decision of Extraordinary meeting and meeting* [sic] *of the Presidents – HANC Presidents Forum*", with a messaged written in Greek and addressed to HANC's Treasurer, Kostas Hatzistefanidis, C.P.A. (the "Financial Demand Email"). **A true and correct copy of the foregoing Financial Demand Email dated February 8, 2021 is attached to the Plaintiff's Complaint as Exhibit I in its original Greek text, and as I.1 in English as translated by Plaintiff.** 

    a. The senders of the February 8, 2021 email are not entitled to the items listed in that email or to control over HANC's financial assets.

17. Upon information and belief, the document entitled "HANC Discovery & Suggestions Document" (the "February 6 Presentation") purports to be a summary of the matters discussed among unknown parties at the rogue "meeting" February 6, 2021. **A true and correct copy of the said February 6 Presentation is attached to Plaintiff's Complaint as Exhibit K.** 

    a. Upon information and belief, REMEDIAKIS is an author of the HANC Discovery & Suggestions Document.

    b. Upon information and belief, REMEDIAKIS collaborated with unknown others in drafting and revising the February 6 Presentation.

    c. Upon information and belief, REMEDIAKIS shared and presented the February 6 Presentation with and to unknown others on or about February 6, 2021.

18. No meeting of any body of HANC was scheduled, properly noticed to the Members, or held in accordance with HANC's Bylaws on February 25, 2021.

19. On February 25, 2021, a Greek-language "Press Release" ("ΔΕΛΤΙΟ ΤΥΠΟΥ") was published from HANC-Presidents-Forum@Outlook.com under a stationery masthead that identified the author as "Hellenic American National Council (H.A.N.C.) Presidents Forum". **A true and correct copy of the said Press Release is attached to the Plaintiff's Complaint in its**

original Greek language, and in a fair and reasonably accurate English translation prepared by Plaintiffs as Exhibit **Ø** and Exhibit **Ø**, respectively (collectively, these documents are referred to as the "Unauthorized Press Release").

20. The Unauthorized Press Release was not drafted, considered, reviewed, or authorized for publication by HANC's Presidents Forum.

21. The Unauthorized Press Release was not drafted, considered, reviewed, or authorized for publication by HANC's Executive Committee.

22. In fact, the Unauthorized Press Release was not authorized by HANC in any way.

23. The Unauthorized Press Release contains numerous falsehoods and misleading statements, including:

   a. The Unauthorized Press Release falsely states that HANC is not a tax-exempt organization, when HANC Is, in fact, a tax-exempt, 501(c)(3) organization.

   b. The individuals referenced in the Unauthorized Press Release have not been appointed to various committees and are not duly-authorized representatives, officers, or committeepersons of HANC.

   c. Any person who sends an email to HANC-Presidents-Forum@Outlook.com, as directed by the Unauthorized Press Release, will not be corresponding with an authentic HANC representative, but rather REMEDIAKIS or another, unknown, unauthorized third party.

24. The Unauthorized Press Release, despite being unauthorized by HANC, has been republished by news organizations to an unknown number of readers.

25. On April 5, 2021, at a duly noticed, convened, and held meeting, the Members of HANC adopted Resolution 2021-01 which establishes a date of October 9-10, 2021 for elections, and which establishes a deadline of July 31, 2021 for each Member to bring itself into administrative compliance in order to participate in the scheduled elections. **A true and correct**

copy of Resolution 2021-01 as adopted by HANC's Members on April 5, 2021, is attached to the Plaintiff's Complaint as Exhibit M.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed under the pains and penalties of perjury,

4/23/2021
Date

*Panayiotis Baltatzis*
Panayiotis Baltatzis